FILED

2014 MAY 15 P 1: 15

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WESTLAKE LEGAL GROUP DBA<br>for THOMAS K. PLOFCHAN, JR.,<br>PLLC, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER SCHUMACHER, and<br>YELP, INC.<br><br>Defendants. | Case No. 1:14CV564-LO/JFA<br><br>Circuit Court of Loudoun County<br>Case No. CL73624 |

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441 and 1446, Defendant Yelp Inc., through undersigned counsel, hereby removes the action styled *Westlake Legal Group d/b/a for Thomas K. Plofchan, Jr., PLLC, et al. v. Schumacher, et al.*, Case No. CL73624, in the Circuit Court of Loudoun County, Virginia to this Court. The grounds for removal are as follows:

### FILING AND SERVICE OF COMPLAINT

1. ***The Complaint.*** On May 11, 2012, Plaintiffs Westlake Legal Group d/b/a for Thomas K. Plofchan, Jr., PLLC and Thomas K. Plofchan, Jr. ("Plaintiffs") filed the above-entitled complaint ("the Complaint"), Case No. CL73624, in the Circuit Court of Loudoun County, Virginia. Plaintiffs named Christopher Schumacher and Yelp Inc. ("Yelp") as Defendants, alleging that Mr. Schumacher defamed them in a July 7, 2009 review posted on Yelp's website regarding Plaintiff's legal services. (Compl. ¶¶ 3-4, 10, attached hereto as Exhibit A.)

1

2. ***Service on Defendants.*** On May 17, 2012, Plaintiffs purported to serve Yelp's registered agent National Registered Agents, Inc. ("NRAI") with the Complaint and a Summons issued by the Circuit Court of Loudoun County by sheriff at 4701 Cox Road, Suite 301, Glen Allen, VA 23060. Three separate companies provide registered agent services to tens of thousands of separate clients at that address, including NRAI and CT Corporation System ("CT"). (Declaration of Lisa Uttech "Uttech Decl." ¶ 2, attached hereto as Exhibit C.)

3. A Corporate Operating Manager with CT, Lisa Uttech, at this address received the process from the sheriff. (Ex. C, Uttech Decl. ¶¶ 1-3.) CT, which was *not* Yelp's registered agent for service of process, then processed the documents received. (*Id.* ¶ 3.) Ms. Uttech is not an NRAI employee. (*Id.* ¶¶ 1, 2.) Because CT was not Yelp's agent for service of process, CT rejected service of process the same day, May 17, 2012, and sent Mr. Plofchan – Plaintiffs' counsel – and the Circuit Court of Loudoun County a letter returning the Summons and Complaint. (*Id.* ¶ 3 & Uttech Decl.Ex. A.) Mr. Plofchan did not inform Yelp that CT rejected and returned the service. (Declaration of Aaron Schur ("Schur Decl.") ¶ 6, attached hereto as Exhibit D.) Nor did Mr. Plofchan inform the Circuit Court of Loudoun County. Neither Mr. Plofchan, CT, nor NRAI forwarded the Summons and Complaint to Yelp or informed Yelp about this action. (Uttech Decl. ¶¶ 3, 4.)

4. Plaintiffs, therefore, failed to effect service on Yelp because CT was not authorized to accept service on Yelp's behalf and Plaintiffs' knew that the registered agent did not forward process to the defendant who was authorized to act upon it. *See Hamilton v. Chrysler Corp.*, No. Civ. A. 96-0992-R, 1997 WL 17662, at *2 (W.D. Va. 1997) ("A corporation receives an initial pleading for purposes of § 1446(b) when a corporate officer or other person *duly authorized to receive and act upon it* receives it") (emphasis added) (citing Va. Code §

13.1-634(B)) ("The sole duty of the registered agent is to forward to the corporation at its last known address any notice that is served on the registered agent")); *Spooltech, LLC v. UPS Ground Freight, Inc.*, 7:12-CV-00104, 2012 WL 4460416, at *3 (W.D. Va. July 23, 2012) (finding service ineffective when process server failed to leave the summons with defendant's registered agent, but instead, left the summons with the receptionist of another company in the same building); *Myer v. Niterain Coach Co., Inc.*, 459 F. Supp. 2d 1074, 1077-78 (W.D. Wash. 2006) (removal not triggered by plaintiff serving the daughter of company's registered agent who was not shown to be an authorized agent of the defendant); 16 *Moore's Federal Practice*, §107.30[3][c], at 107-342 (3d ed. 2013) ("[U]nder *Murphy Brothers*, it is unlikely that receipt by person unauthorized to accept service of process is sufficient."). *Cf. Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421-22 (4th Cir. 2010) (holding that a company was not personally responsible for the default when its registered agent received process but failed to forward it to the company).[1]

5. Notwithstanding that Mr. Plofchan apparently knew that service upon Yelp was ineffective and that Yelp had no notice of the action, Mr. Plofchan filed a motion for default judgment with the Circuit Court for Loudoun County on June 29, 2012, representing to the court that "Plaintiffs served the Complaint upon the Defendant, Yelp!, Inc., via its Registered Agent, National Registered Agents, Inc., 4701 Cox Road, Suite 301, Glen Allen, VA 23060, via deputy sheriff, on **May 17, 2012**." (Ex. A, Mot. for Default J. ¶ 2.) Relying on that representation, on

---

[1] Although the sheriff filed a document titled "Service Authorization" stating that Ms. Uttech was authorized to accept service for NRAI, the Service Authorization is not an NRAI document and Ms. Uttech is not an NRAI employee. (Ex. E, Service Authorization; Ex. C, Uttech Decl. ¶¶ 1-2.) Accordingly, the Service Authorization is ineffective under Va. Code § 13.1-637(A). *See Joe Hand Promotions, Inc. v. Citibars, Inc.*, 2:11CV58, 2012 WL 503212 (E.D. Va. Feb. 8, 2012) *report and recommendation adopted*, 2012 WL 662520 (E.D. Va. Feb. 28, 2012) ("In the absence of a notarized writing from [defendant's] registered agent, [an individual] was not empowered to accept process on behalf of [defendant].") (citing Va. Code § 13.01–637(A)).

October 2, 2012, the court granted Plaintiffs' motion and entered a default judgment against Yelp and Schumacher, jointly and severally, for $200,000 plus costs. (2012 Default Judgment, at 1-3, attached hereto as Exhibit F.)[2]

6. On January 31, 2014, Plaintiffs moved the Circuit Court for Loudoun County to correct the Default Judgment *nunc pro tunc* because of an error that prevented it from being recorded as a lien. (Mot. to Correct Default J., attached hereto as Exhibit G.) The Circuit Court of Loudoun County granted the motion and entered the default judgment on February 7, 2014. (Ex. A, 2014 Default J. at 1-3.)

7. Yelp did not receive actual notice of this action until April 15, 2014, when Yelp's registered agent, NRAI, forwarded Yelp a summons to answer interrogatories and a subpoena *duces tecum* concerning collection proceedings in this action. (Schur Decl. ¶ 6.)

8. Yelp did not receive the Complaint in this action until April 16, 2014, when Plaintiffs' counsel emailed it to Yelp at Yelp's request, along with the Motion for Default Judgment and the Default Judgment. (*Id.* ¶ 7.)

9. Soon after learning of this action, on April 28, 2014, Yelp promptly filed in the Circuit Court of Loudoun County: (1) a motion under Va. Code 8.01-428(A) to vacate the default judgment as void for lack of serve of process; (2) a motion to file a late responsive pleading on grounds that Plaintiffs' claims are barred by 47 U.S.C. § 230(c)(1), which provides Yelp immunity from liability for user content posted to its website (such as the review at issue in this case), by the applicable statute of limitations, and by the Yelp Terms of Service to which

---

[2] Removal is proper after a default judgment. *See, e.g., 1 Foot 2 Foot Ctr. for Foot & Ankle Care, P.C. v. DavLong Bus. Solutions, LLC*, 631 F. Supp. 2d 754, 756 (E.D. Va. 2009) ("A defendant in default in state court is not prevented from removing to federal court, when it would be proper otherwise."); *Hawes v. Cart Products, Inc.*, 386 F. Supp. 2d 681, 686 (D. S.C. 2005) ("the weight of authority establishes that a defendant has the ability to remove a case to federal court where an entry of default or default judgment has previously been entered in state court").

Plaintiffs agreed that specify venue in California. (Mot. to Vacate or File Late Resp. Pleading, attached hereto as Exhibit G.) That same day, Yelp also filed a motion to stay Plaintiffs' collection proceedings. (*Id.*)

10. Upon information and belief, Plaintiffs also failed to serve Mr. Schumacher with process. (Ex. D, Schur Decl. ¶ 5.) Plaintiffs attempted to serve Mr. Schumacher in Nevada by substituted service through the Virginia Secretary of State, but the process was returned as undeliverable. (USPS Record, attached hereto as Exhibit H.)

11. ***Attachment of Copies of Pleadings.*** Defendant desires to remove this action and, pursuant to 28 U.S.C. § 1446(a), submits this Notice along with all process, pleadings, documents, and orders arising from Plaintiffs' Complaint and served to date or received by Yelp. Attached hereto as Exhibit A is a copy of the Complaint, Motion for Default Judgment, and Default Judgment Yelp and attached as Exhibit E hereto is copy of the Summons, Return of Service, and Service Authorization Yelp has received. Attached hereto as Exhibit G are Yelp's Motion to Vacate Default Judgment or Permit Late Responsive Pleading, Motion to Stay Collection Proceedings, and Praecipes filed in the Circuit Court of Loudoun County. Attached hereto as Exhibit F are other process, pleadings, documents, and orders, including, for example, the October 2, 2012 Default Judgment and the Order on the Stay of Collection Proceedings.

## JURISDICTION AND VENUE

12. ***Basis for Federal Jurisdiction.*** This Court has original jurisdiction over the above-entitled civil action under 28 U.S.C. § 1332(a). As set forth in detail below, Yelp is entitled to remove this action pursuant to 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District

of Virginia; (ii) this action is between citizens of different states; and (iii) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13.     *Venue.* Venue lies in the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. §§1391(a) and 1441(a), and Local Civil Rule 3(B)(1), because Plaintiff filed the Complaint in the Circuit Court of Loudoun County, Virginia.

## CITIZENSHIP OF PARTIES

14.     *Plaintiffs' Citizenship.* According to the allegations in the Complaint, "Mr. Plofchan is, and at all times relevant hereto was, a resident of the Commonwealth of Virginia, County of Loudoun. (Ex. A, Compl. ¶ 1.) Similarly, the Complaint alleges that "Westlake Legal is, and at all times relevant hereto was, a registered Virginia corporation doing business in the Commonwealth of Virginia. (*Id.* ¶ 2.) According to the allegations of the Complaint and on information and belief, at the time this action was commenced and at all times through the present, Plaintiffs were and remain citizens of Virginia. *Id.*; (Ex. D, Schur Decl. ¶ 3.)

15.     *Defendants' Citizenship.* Plaintiffs do not set forth in the Complaint the citizenship of the Defendants. The allegations of the Complaint name Yelp Inc. as a Defendant. (Ex. A, Compl. ¶ 4.) The Complaint caption lists a San Francisco, California address for Yelp. (*Id.* at 1.) A corporation is a citizen in any state in which it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Yelp is incorporated in Delaware with its principal place of business in California. (Ex. D, Schur Decl. ¶ 2.) Accordingly, Yelp is a citizen of Delaware and California, not Virginia.

16.     The allegations of the Complaint also name Christopher Schumacher as a Defendant. The Complaint caption lists a Las Vegas, Nevada address for Mr. Schumacher. (Ex,

A, Compl. at 1.) According to the Complaint and on information and belief, at the time this action was commenced and at all times through the present, Mr. Schumacher was and remains a citizen of Nevada, not Virginia. *Id.*; (Ex. D, Schur Decl. ¶ 4.)

17. Therefore, none of the Defendants is a citizen of Virginia.

18. *Existence of Complete Diversity.* For the reasons described in the preceding paragraphs, the citizenship of Plaintiffs is diverse from the citizenship of all Defendants. Accordingly, the diversity requirements set forth in 28 U.S.C. §§ 1332(a)(1) and (c)(1) are satisfied.

## AMOUNT IN CONTROVERSY

19. *Plaintiffs' Alleged Damages.* Plaintiffs allege compensatory damages of $200,000 and punitive damages of $200,000 (Ex. A, Compl., Prayer for Relief, ¶ 3-4) and the Circuit Court of Loudoun County entered a default judgment of $200,000, jointly and severally, against Defendants (Ex A, Default J. at 2-3.). This sum or value exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## PROCEDURAL MATTERS

20. *Summary of Right to Removal.* For the reasons stated above, Defendant may remove to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

21. *Timeliness of Filing.* Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal of Action is being filed with this Court within thirty days after Yelp first received the Complaint and a Summons, through service or otherwise. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

22. *Notice to Circuit Court.* Upon filing this Notice of Removal, Defendant will promptly file a Notice of Removal of Action to Federal Court and a copy of this Notice of

Removal of Action with the Loudoun County Circuit Court, P. O. Box 550, 18 E. Market St., 3rd floor, Leesburg, Virginia 20176, pursuant to 28 U.S.C. § 1446(d). A copy of such notice is attached hereto as Exhibit I.

23. *Notice to Plaintiffs.* Upon filing this Notice of Removal, Defendant will promptly serve Plaintiffs with written notice of this Notice of Removal of Action and copies of this Notice of Removal of Action, pursuant to 28 U.S.C. §1446(d). A copy of such notice is attached hereto as Exhibit J.

24. *Reservation of Objections.* By this Notice of Removal of Action, Yelp does not waive any objections it may have to service, jurisdiction, or venue, and any defenses or objections to this action.

25. *Consent.* All properly named and served defendants who have not joined this Notice of Removal consent to removal of the action, as required by 28 U.S.C. § 1446(b)(2)(A). Although Mr. Schumacher is not required to consent to removal of this action because he was not served with process, Mr. Schumacher has nonetheless consented to removal of this action. *See Cooke-Bates v. Bayer Corp.*, 3:10CV261, 2010 WL 3064304 (E.D. Va. Aug. 2, 2010), *on reconsideration*, 2010 WL 3984830 (E.D. Va. Oct. 8, 2010) (noting the "exception[] to the requirement that all defendants join in or consent to a petition for removal . . . when the non-joining defendant has not been properly served at the time the removal petition is filed . . . .").

26. *Compliance With Rule 11.* This Notice of Removal of Action is hereby being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons stated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated this 15th day of May, 2014.

Respectfully Submitted,

**YELP INC.**

By Counsel,

---

Micah J. Ratner (Va. State Bar # 78961)
Laura R. Handman (*pro hac vice pending*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Fax: (202) 973-4499
laurahandman@dwt.com
micahratner@dwt.com
*Attorneys for Defendant Yelp Inc.*

Of Counsel:

Aaron Schur
Senior Director of Litigation
YELP INC.
140 New Montgomery Street, 9th Floor
San Francisco, CA 94105
Telephone: (415) 908-3801
aschur@yelp.com

## CERTIFICATE OF SERVICE

I, Micah J. Ratner, do hereby certify that on the 15th day of May, 2014, I caused a copy of the foregoing Notice of Removal to be served by U.S. Mail, First Class, postage prepaid, upon:

Whitney L. Lawrimore
Westlake Legal Group
46175 Westlake Drive, Suite 320
Potomac, Falls, Virginia 20165
*Attorney for Plaintiffs*

Micah J. Ratner (Va. State Bar # 78961)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W.
Suite 800
Washington, DC 20006-3401
Telephone: (202) 973-4200
Fax: (202) 973-4499
micahratner@dwt.com
*Attorneys for Defendant Yelp Inc.*