IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WESTLAKE LEGAL GROUP DBA<br>for THOMAS K. PLOFCHAN, JR.,<br>PLLC, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>CHRISTOPHER SCHUMACHER, and<br>YELP, INC.<br><br>    Defendants. | Case No. 1:14-CW-564<br><br>Circuit Court of Loudoun County<br>Case No. CL73624 |

## NOTICE OF REMOVAL OF ACTION

# EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

| | |
|---|---|
| WESTLAKE LEGAL GROUP<br>DBA for THOMAS K. PLOFCHAN, JR., PLLC,<br>et al.,<br><br>                Plaintiffs<br><br>v.<br><br>CHRISTOPHER SCHUMACHER, et al.,<br><br>                Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO. CL00073624-00<br>)<br>)<br>)<br>) |

## **ORDER**

WHEREAS the Plaintiffs, by Counsel, moved this Honorable Court to correct an order *nunc pro tunc*;

WHEREAS the Plaintiffs, by counsel, moved this Court for entry of Default Judgment, pursuant to Rule 3:19 of the Rules of the Virginia Supreme Court in this matter. After hearing brief argument on this matter and reviewing the Court's file, the Court finds:

WHEREAS, on May 11, 2012, the Plaintiffs filed a Complaint against the Defendant, Yelp!, Inc. and Christopher Schumacher; and

WHEREAS, the Plaintiffs served the Complaint upon the Defendant, Yelp!, Inc., via its Registered Agent, National Registered Agents, Inc., 4701 Cox Road, Suite 301, Glen Allen, VA 23060, by deputy sheriff, on May 17, 2012; and

WHEREAS, pursuant to VA Code §8.01-301 (as amended, 1950), Plaintiffs have properly served process upon the Defendant, Yelp!, Inc., in this matter; and

WHEREAS, pursuant to Rule 3:8 of the Virginia Rules of the Supreme Court, Defendant, Yelp!, Inc. had until June 8, 2012, to file responsive pleadings in the Clerk's Office; and

WHEREAS, as of this date, Defendant, Yelp!, Inc., has failed to file a responsive pleading in this matter; and

WHEREAS, pursuant to Rules 3:8 and 3:19 of the Virginia Rules of the Supreme Court, Defendant, Yelp!, Inc. is in default and has waived trial by jury and all objections to the admissibility of evidence; and

WHEREAS, plaintiffs are entitled to judgment against the Defendant, Yelp!, Inc.; and

WHEREAS, there is no counsel of record for Defendant Yelp, Inc. in the present matter thus, pursuant to Rule 3:19 of the Virginia Rules of the Supreme Court, Defendant Yelp!, Inc. is not entitled to notice of any further proceedings in the case.

Being of the opinion that the Plaintiffs have complied with all of the necessary requirements for an Order of Default Judgment, it is

**ORDERED** that JUDGMENT in the amount of One Hundred Thousand Dollars ($100,000.00) is hereby ENTERED and effective *nunc pro tunc* to October 2, 2012, in favor of Plaintiff Thomas K. Plofchan, Jr. and against Defendants Yelp!, Inc. and Christopher Schumacher, jointly and severally. Interest on the Judgment at the rate of 6% is awarded and accrues as of October 2, 2012; It is further

**ORDERED** that JUDGMENT in the amount of One Hundred Thousand Dollars ($100,000.00) is hereby ENTERED and effective *nunc pro tunc* to October 2, 2012, in favor of Plaintiff Westlake Legal Group and against Defendants Yelp!, Inc. and Christopher Schumacher, jointly and severally. Interest on the Judgment at the rate of 6% is awarded and accrues as of October 2, 2012; It is further

**ORDERED** that Defendants, Yelp!, Inc. and Christopher Schumacher, jointly and severally, remove the post regarding Westlake Legal Group, placed on the www.yelp.com online business review site, by Christopher Schumacher, on or about July 7, 2009; It is further

**ORDERED** that Defendants Yelp!, Inc. and Christopher Schumacher, jointly and severally, pay to Plaintiffs the sum of $246.00 as costs incurred in this matter.

ENTERED this 7th day of February, 2014.

_____
JUDGE

I ASK FOR THIS:

WESTLAKE LEGAL GROUP

_____ with objection to the ruling on punitive damages.
Thomas K. Plofchan, Jr., VSB#34536
M. Javad Khan, VSB#70158
46175 Westlake Drive, Suite 320
Potomac Falls, Virginia 20165
Tel: (703) 406-7616
Fax: (703) 444-9498
tplofchan@westlakelegal.com
jkhan@westlakelegal.com


THOMAS K. PLOFCHAN, JR.
By Westlake Legal Group

_____ with objection to the ruling on punitive damages.
Thomas K. Plofchan, Jr., VSB#34536
M. Javad Khan, VSB#70158
46175 Westlake Drive, Suite 320
Potomac Falls, VA 20165
Telephone: (703) 406-7616
Facsimile: (703) 444-9498
tplofchan@westlakelegal.com
jkhan@westlakelegal.com

A COPY-TESTE
Gary M. Clemens, Clerk
By: _____
Deputy Clerk

**VIRGINIA:**

IN THE CIRCUIT COURT OF LOUDOUN COUNTY

WESTLAKE LEGAL GROUP )
DBA for THOMAS K. PLOFCHAN, JR., PLLC, )
et al., )
  )
        Plaintiffs )
  )
v. ) CASE NO. CL00073624-00
  )
CHRISTOPHER SCHUMACHER, et al., )
  )
        Defendants )

### MOTION FOR DEFAULT JUDGMENT

COMES THIS DAY the Plaintiffs, by counsel, and moves this Honorable Court to enter a default judgment pursuant to Rule 3:19 of the Rules of the Virginia Supreme Court in this matter. In support of such Motion, the Plaintiffs state as follows:

1. That on **May 11, 2012**, the Plaintiffs filed a Complaint against the Defendant, Yelp!, Inc.

2. The Plaintiffs served the Complaint upon the Defendant, Yelp!, Inc., via its Registered Agent, National Registered Agents, Inc., 4701 Cox Road, Suite 301, Glen Allen, VA 23060, via deputy sheriff, on **May 17, 2012**.

3. Pursuant to VA Code §8.01-301 (as amended, 1950), Plaintiffs have properly served process upon the Defendant, Yelp!, Inc.

4. Pursuant to Rule 3:8 of the Virginia Rules of the Supreme Court, Defendant, Yelp!, Inc. had until **June 8, 2012**, to file responsive pleadings in the Clerk's Office.

1

5. As of June 27, 2012, Defendant, Yelp!, Inc., has failed to file a responsive pleading in this matter.

6. Pursuant to Rules 3:8 and 3:19 of the Virginia Rules of the Supreme Court, Defendant, Yelp!, Inc. is in default and has waived trial by jury and all objections to the admissibility of evidence.

7. Plaintiffs are entitled to judgment against the Defendant, Yelp!, Inc.

8. There is no counsel of record for Defendant, Yelp!, Inc. in the present matter thus, pursuant to Rule 3:19 of the Virginia Rules of the Supreme Court, Defendant is not entitled to notice of any further proceedings in the case.

**WHEREFORE**, the Plaintiffs pray that this Honorable Court enter an Order of Default Judgment in this matter against Defendant, Yelp!, Inc., as Plaintiffs have complied with all the statutory requirements, and the Defendant has not filed a responsive pleading in this matter. The Plaintiffs additionally pray for injunctive relief, costs of suit, as well as any further sums as the Court may deem just and proper.

                          WESTLAKE LEGAL GROUP
                          d/b/a Thomas K. Plofchan, Jr., PLLC
                          and THOMAS K. PLOFCHAN, JR.
                          By Counsel

WESTLAKE LEGAL GROUP
By

_/s/ Thomas K. Plofchan, Jr._

Thomas K. Plofchan, Jr., VSB#34536
Jason R. Collins, VSB#65346
46175 Westlake Drive, Suite 320
Sterling, VA 20165
Tel. No. (703) 406-7616
Fax No. (703) 444-9498

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. ..........................
(CLERK'S OFFICE USE ONLY)*

FILED
LOUDOUN COUNTY ................................................ Circuit Court
2012 MAY 10 PM 1:30

WESTLAKE LEGAL GROUP DBA for CHRISTOPHER SCHUMACHER and
Thomas K. Plofchan, Jr., PLLC, et al.          YELP! INC.
**PLAINTIFF(S)**                                **DEFENDANT(S)**

CLERK'S OFFICE

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

[ ] Accounting
[ ] Administrative Appeal
[ ] Adoption
[ ] Adoption - Foreign
[ ] Adult Protection
[ ] Aid and Guidance
[ ] Annexation
[ ] Annulment
[ ] Annulment - Counterclaim/ Responsive Pleading
[ ] Appeal Decision of ABC Board
[ ] Appeal Decision of Board of Zoning
[ ] Appeal Decision of Comp Board
[ ] Appeal Decision of Employment Commission
[ ] Appeal Decision of Local Government
[ ] Appeal Decision of Marine Resources Commission
[ ] Appeal Decision of Voter Registration
[ ] Appointment of Church Trustee, Substitute Fiduciaries
[ ] Approval of Right to be Eligible to Vote
[ ] Asbestos Litigation
[ ] Attachment
[ ] Bond Forfeiture Appeal
[ ] Child Abuse and Neglect - Unfounded Complaint
[ ] Civil Contempt
[ ] Claim Impleading Third Party Defendant - Monetary Damages
[ ] Claim Impleading Third Party Defendant - No Monetary Damages
[ ] Complaint - (Miscellaneous)
[ ] Compromise Settlement
[ ] Condemnation

[ ] Confessed Judgment
[ ] Conservator of Peace
[ ] Construe Will
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Correct/Erroneous State/Local Taxes
[ ] Counterclaim - Monetary Damages
[ ] Counterclaim - No Monetary Damages
[ ] Cross Claim
[ ] Custody/Visitation/Support/ Equitable Distribution
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Delinquent Taxes
[ ] Detinue
[ ] Divorce
[ ] Divorce - Counterclaim/ Responsive Pleading
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheat
[ ] Establish Boundaries
[ ] Expunge
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Garnishment
[ ] General Tort Liability (other than motor vehicle)
[ ] Grievance Procedures
[ ] Guardian/Conservator Appointment
[ ] Impress/Declare a Trust
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Intentional Tort
[ ] Judgment Lien-Bill to Enforce

[ ] Judicial Review
[ ] Landlord/Tenant
[ ] Law Enforcement Petition
[ ] Mechanics Lien
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Name Change
[ ] Order to Sever
[ ] Partition
[ ] Petition
[ ] Product Liability
[ ] Quiet Title
[ ] Referendum Elections
[ ] Reformation of Trust
[ ] Reinstatement of Driving Privileges
[ ] Reinstatement (General)
[ ] Removal
[ ] Separate Maintenance
[ ] Separate Maintenance - Counterclaim/Responsive Pleading
[ ] Standby Guardian/ Conservator
[ ] Termination of Mineral Rights
[ ] Unlawful Detainer
[ ] Vehicle Confiscation
[ ] Will Contested
[ ] Writ of Certiorari
[ ] Writ of Habeas Corpus
[ ] Writ of Mandamus
[ ] Writ of Prohibition
[ ] Writ of Quo Warranto
[ ] Wrongful Death
[ ] Other

[x] Damages in the amount of $ 100,000.00 are claimed.

5-10-12
DATE

[ ] PLAINTIFF   [ ] DEFENDANT   [x] ATTORNEY FOR [x] PLAINTIFF
                                                  [ ] DEFENDANT

Thomas K. Plofchan, Jr., VSB# 34536, WESTLAKE LEGAL GROUP
**PRINT NAME**

46175 Westlake Drive, Suite 320, Sterling, VA 20165
**ADDRESS/TELEPHONE NUMBER OF SIGNATOR**

FORM CC-1416 (MASTER) PAGE ONE 07/11

\* See reverse side for Civil Action Type Codes
- for Clerk's Office Use Only

VIRGINIA:

IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

| | |
|---|---|
| WESTLAKE LEGAL GROUP<br>DBA for Thomas K. Plofchan, Jr., PLLC<br>46175 Westlake Drive, Suite 320<br>Sterling, Virginia 20165<br><br>And<br><br>THOMAS K. PLOFCHAN, JR.<br>46175 Westlake Drive, Suite 320<br>Sterling, Virginia 20165<br><br>Plaintiffs<br><br>v.<br><br>CHRISTOPHER SCHUMACHER<br>9030 W. Sahara Ave, #625<br>Las Vegas, NV 89117<br><br>And<br><br>YELP, INC.<br>706 Mission Street, 7th Floor<br>San Francisco, CA 94103<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CASE NO. _____ |

## COMPLAINT FOR DEFAMATION AND DEFAMATION PER SE

COMES NOW, Westlake Legal Group (hereafter referred to as "Westlake Legal") and Thomas K. Plofchan, Jr., (hereby referred to as "Mr. Plofchan") and files this Complaint for Defamation and Defamation *Per Se* and for their cause of action herein, states as follows:

## JURISDICTIONAL STATEMENTS

1. Mr. Plofchan is, and at all times relevant hereto was, a resident of the Commonwealth of Virginia, County of Loudoun.

2. Westlake Legal is, and at all times relevant hereto was, a registered Virginia corporation doing business in the Commonwealth of Virginia. Westlake Legal Group was formerly known by registration as Plofchan & Associates.

3. Defendant Christopher Schumacher (hereby referred to as "Defendant Schumacher") was, at all times relevant hereto, subject to the jurisdiction of the Courts of the Commonwealth of Virginia.

4. Defendant YELP, Inc. (hereby referred to as "Defendant Yelp") operates Yelp.com, an online urban city guide that regularly conducts business in the Commonwealth of Virginia by hosting consumer reviews of Virginia businesses.

## CAUSE OF ACTION

4. In the Commonwealth, "defamation" is defined as a false statement of fact published or communicated to another person that causes injury to the reputation of the subject of the statement.

5. "Defamation *per se*" takes place when the defamatory statement involves defamatory words that (1) impute commission of a criminal offense involving moral turpitude, (2) impute infection with some contagious disease, (3) impute unfitness to perform the duties of an office or employment, or want of integrity in the discharge of such duties, or (4) prejudice a person in his profession or trade. One does not have to prove damages as they are presumed.

2

6. To be defamatory as a matter of law, a statement must "make the plaintiff appear odious, infamous, or ridiculous." McBride v. Merrell Dow and Pharmaceuticals, Inc., 540 F.Supp. 1252, 1254 (D.D.C.1982), aff'd in part and rev'd in part on other grounds, 230 App. D.C. 403, 717 F.2d 1460 (D.C.Cir.1983)

7. Statements may be defamatory by implication, inference, innuendo, or insinuation, provided the alleged defamatory meaning is plain. See, e.g., Milkovich, U.S. at , 110 S.Ct. at 2707; White v. Fraternal Order of Police, 285 App. D.C. 273, 909 F.2d 512 (D.C.Cir.1990); Wilder, 551 F.Supp. at 623; Gen. Products v. Meredith Corp., 526 F.Supp. 546 (E.D.Va.1981); Gazette, 325 S.E.2d at 713; Carwile v. Richmond Newspapers, Inc., 196 Va. 1, 82 S.E.2d 588, 591-92 (Va.1954).

8. Statements which impute to a business or professional person conduct which tends to injure him/her in his/her business or profession are actionable as defamation *per se*, without proof of special damages. See Carwile, 82 S.E. 2d at 592.

9. Where an individual is engaged in a profession, such as medicine, the law, or teaching, "words charging professional incompetence are actionable *per se*,", 50 Am.Jur.2d, Defamation and Slander §§ 227, 229, and 231. Additionally, "When particular skill or ability is necessary in the performance of the plaintiff's vocation, an imputation that attributes a lack of skill or ability to the plaintiff tends to harm the plaintiff in his business or profession."

## STATEMENT OF FACTS

10. On or about July 7, 2009, the Defendant Christopher Schumacher caused to be placed on the website www.yelp.com, an online business review site, a comment regarding the services provided to Defendant Schumacher by the Plaintiffs

3

Westlake Legal Group (formerly known as Plofchan & Associates) and, by specific mention, Mr. Thomas K. Plofchan, Jr. A copy of the comment is attached hereto as Exhibit A. The comment has been published continuously since then and can be found at the following web address to date: http://www.yelp.com/biz/westlake-legal-group-at-cascades-potomac-falls

11. The statements contained in the above-mentioned posting were false in that neither Westlake Legal, acting as business entity, nor Mr. Plofchan, acting individually, failed to meet their contractual obligation in relation to Westlake Legal's representation of Defendant Schumacher. On the contrary, all fees and charges levied on Defendant Schumacher were fair and reasonable, and are to be considered so as all prices and fees were clearly stated in the General Retainer Agreement signed by Defendant Schumacher at the onset of the case. A copy of this signed agreement is attached hereto as Exhibit B.

12. The post submitted by the Defendant has been seen by an untold number of persons other than Thomas K. Plofchan, Jr., to include friends, relatives and co-workers of Thomas K. Plofchan, Jr., potential clients of Westlake Legal Group, and members of the general public who understood its libelous meaning and that the posting referred to Thomas K. Plofchan, Jr. individually and to Westlake Legal Group as an entity.

13. Defendant Yelp has been notified in writing by Mr. Plofchan on four separate occasions that the statements contained in Defendant Schumacher's posting are false and defamatory in nature. Knowing this, Defendant Yelp acted

intentionally in causing the post to be published and continues to willfully publish and maintain the post.

## FIRST CAUSE OF ACTION
### DEFAMATION PER SE AGINST DEFENDANT CHRISTOPHER SCHUMACHER

14. The allegations contained in paragraphs 1 - 12, above, are repeated as if fully rewritten herein.

15. The statements contained in Defendant Schumacher's posting on www.yelp.com represent more than Defendant Schumacher's personal opinion and are actionably and objectively false.

16. Defendant Schumacher knew the statements to be false and acted intentionally in causing the ad to be published.

17. The statement that "Plofchan lied, denied and presented a perfect filibuster...true to huckster form" constitutes defamation per say in that it charges professional incompetence and/or imputes upon the plaintiff Thomas K. Plofchan, Jr. an unfitness to perform the duties of his office or employment, as well as a want of integrity in the discharge of such duties.

18. The statement that "the main issue is that P&A's SOP is to be reactive rather than proactive" constitutes defamation *per se* in that it charges professional incompetence and/or imputes upon the plaintiff Westlake Legal Group an unfitness to perform the duties of its trade or employment.

19. The statement "P&A has a history of messing up cases...(search Google)..." constitutes defamation *per se* in that it charges professional incompetence and/or imputes upon both plaintiffs, Westlake Legal Group and Thomas K. Plofchan, Jr., an unfitness to perform the duties of their trade or employment.

5

20. The statement "My Father was right when he said '...don't waste your time filing a grievance with the Bar...all attorneys and judges are coworkers...they won't piss in their own pool,'" constitutes defamation *per se* in that it imputes upon Mr. Plofchan a want of integrity in performing the duties of his employment, and that it imputes the same upon all members of the Loudoun County Bar Association, as well as the officers and judges of this Honorable Court.

21. As specified below, both Westlake Legal and Thomas K. Plofchan, Jr. were, and continue to be, injured by the continued publication of the Defendant Schumacher's defamatory comments.

## SECOND CAUSE OF ACTION
### DEFAMATION PER SE AGAINST DEFENDANT YELP, INC.

22. The allegations contained in paragraphs 1 - 21, above, are repeated as if fully rewritten herein.

23. The statements contained in Defendant Schumacher's posting on www.yelp.com represent more than Defendant Schumacher's personal opinion and are actionably and objectively false.

24. The statement that "Plofchan lied, denied and presented a perfect filibuster...true to huckster form" constitutes defamation *per se* on behalf of Defendant Yelp in that, through the continued publication of this comment, Defendant Yelp charges professional incompetence and/or imputes upon the plaintiff, Thomas K. Plofchan, Jr., an unfitness to perform the duties of his office or employment, as well as a want of integrity in the discharge of such duties.

25. The statement that "the main issue is that P&A's SOP is to be reactive rather than proactive" constitutes defamation *per se* on behalf of Defendant Yelp in that

6

it, through the continued publication of this comment, Defendant Yelp charges professional incompetence and/or imputes upon the plaintiff Westlake Legal Group an unfitness to perform the duties of its trade or employment.

26. The statement "P&A has a history of messing up cases...(search Google)..." constitutes defamation *per se* on behalf of Defendant Yelp in that, through the continued publication of this comment, Defendant Yelp charges professional incompetence and/or imputes upon both plaintiffs, Westlake Legal Group and Thomas K. Plofchan, Jr., an unfitness to perform the duties of their trade or employment.

27. The statement "My Father was right when he said '...don't waste your time filing a grievance with the Bar...all attorneys and judges are coworkers...they won't piss in their own pool,'" constitutes defamation *per se* on behalf of Defendant Yelp in that, through the continued publication of this comment, Defendant Yelp imputes upon Mr. Plofchan a want of integrity in performing the duties of his employment, and that it imputes the same upon all members of the Loudoun County Bar Association, as well as the officers of this Honorable Court.

28. The actions of the Defendant Yelp were wanton, reckless and willful.

29. Defendant Yelp published the review in question with reckless disregard as to whether the statements contained in the review were false or not. In fact, Defendant Yelp continues to publish the post in question despite having received four (4) separate requests from Plaintiff Thomas K. Plofchan, Jr. to declare the post defamatory and to remove it. A copy of the most recent of these requests is attached hereto as Exhibit B.

30. As specified below, the actions of the Defendants have caused injury

to Thomas K. Plofchan, Jr.

## DAMAGES

31. As a direct and proximate result of the actions of the Defendants as detailed above, Thomas K. Plofchan, Jr. has suffered considerable damage to both his personal and professional reputation.

32. As a direct and proximate result of the actions of the Defendants as detailed above, Thomas K. Plofchan, Jr. has suffered the loss of an untold number of potential clients at a significant financial loss to himself.

33. As a direct and proximate result of the actions of the Defendants as detailed above, Thomas K. Plofchan, Jr. has suffered great personal anxiety and stress.

34. As a direct and proximate result of the actions of the Defendants as detailed above, Westlake Legal Group has suffered considerable damage to its reputation as a reputable and professional organization.

35. As a direct and proximate result of the actions of the Defendants as detailed above, Westlake Legal Group has suffered the loss of an untold number of potential clients, at a significant financial loss to the firm.

36. As a direct and proximate result of the actions of the Defendants as detailed above, Westlake Legal Group and Thomas K. Plofchan, Jr. have been forced to assume the cost of this action and have suffered substantial financial costs in terms of monies not earned while preparing this document instead of working.

WHEREFORE, Thomas K. Plofchan, Jr. and Westlake Legal Group pray:

1. That this Court enter judgment in favor of the Plaintiffs on all counts of this complaint;

2. That this Court grant injunctive relief and order the immediate removal of the post in question;

3. That this Court further award Plaintiff Thomas K. Plofchan, Jr. compensatory damages in the amount of $100,000 and punitive damages in the amount of $100,000, all damages awarded jointly and severally;

4. That this Court further award Plaintiff Westlake Legal Group compensatory damages in the amount of $100,000 and punitive damages in the amount of $100,000, all damages awarded jointly and severally; and

5. That this Court award Plaintiffs any and all other relief to which they may appear entitled.

          Respectfully submitted,
          WESTLAKE LEGAL GROUP
          d/b/a Thomas K. Plofchan, Jr. PLLC
          and
          THOMAS K. PLOFCHAN, JR.

WESTLAKE LEGAL GROUP

_/s/ [signature]_

Thomas K. Plofchan, Jr. VSB #34536
46175 Westlake Drive, Suite 320
Sterling, VA 20165
Tel: 703-406-7616
Fax: 703-444-9498